UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOLOGIC COMPUTER SYSTEMS, INC.,

    Plaintiff,

    v.

JOHN D. MACLEAN, ET AL.,

    Defendants.

    _____/

Case No. 10-13569

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN
WHALEN

**ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE
SETTLEMENT AGREEMENT [103]**

    Plaintiff GeoLogic Computer Systems filed the instant Motion to Enforce Settlement Agreement [103] on April 30, 2014. On May 12, 2014, Defendant Advanced Geo Positioning Solutions (AGPS) filed a response in support of the motion [106]. Additional responses in support of the motion were filed by former defendant Perry Rust [105] and by former defendants Thomas Bower, Mike Cook, Nate Cook, and Rick Marsh [112]. However, on May 27, 2014, Defendants AMW Group, AMW Machine Control, John D. MacLean, Alan Williams, and Mark Williams (the Objecting Defendants) jointly filed a response opposing the motion

1

[110]. Plaintiff filed a reply to the Objecting Defendants' response [114] on June 3, 2014.

For the reasons stated below, the Court hereby **DENIES** Plaintiff's Motion to Enforce Settlement Agreement [103].

## FACTUAL BACKGROUND

Plaintiff brought a copyright infringement suit on September 9, 2010. Plaintiff alleges that the Objecting Defendants have produced software that infringes Plaintiff's copyright. That software has largely been sold by former defendants Thomas Bower, Richard Marsh, Perry Rust, Michael Cook, and Nathan Cook (the Non-Compete Defendants).

After nearly three years of litigation, the Court referred the parties' settlement efforts to Magistrate Judge David R. Grand on July 25, 2013. Counsel for the parties appeared at a settlement conference on October 4, 2013. Magistrate Judge Grand said the following at the conference:

> I understand that the parties have reached a settlement agreement, you know, at least in terms of the—the overarching terms of that settlement agreement, understanding that there's some few loose ends to tie up. But [Plaintiff's counsel], if you would like to put the terms as you understand them on the record.

Plaintiff's counsel proceeded to identify terms of an agreement. Among other terms, he stated that "the corporate defendants" would pay Plaintiff $1,475,000, to

2

be personally guaranteed by Defendants John MacLean, Alan Williams, and Mark Williams.  He further stated the following:

> We will have non-compete agreements with respect to [the Non-Compete Defendants].  I do understand that there's—one or more of those defendants have not been contacted today.  We understand that they'll be contacted and best efforts will be used to get their agreement to those terms.  We also understand that a caveat to those non-competes will [be] that it will be a status quo non-compete, meaning if there are things currently in place with respect to certain of those defendants, they will not be precluded from continuing forward under those relationships.

Counsel for the defendants sought to clarify some details unrelated to the non-compete term, but raised no objections to the terms placed on the record.

At the end of the conference, Magistrate Judge Grand gave the parties thirty days to produce documents implementing the settlement agreement as placed on the record.  The parties exchanged drafts of settlement documents, all of which included a status quo non-compete term.  The drafts specified that the purpose of the non-compete term was to prevent the Non-Compete Defendants from undermining the corporate defendants' ability to pay Plaintiff.  The parties, however, failed to reach an agreement on the settlement documents.  A disagreement arose regarding the non-compete term, and the parties failed to resolve the disagreement even after two more conferences before Magistrate Judge Grand.

On April 14, 2014, Plaintiff and the Non-Compete Defendants—apparently acting without the knowledge of the Objecting Defendants—entered a separate settlement agreement. Plaintiff agreed to waive inclusion of a status quo non-compete term in the October 2013 settlement agreement. In return, the Non-Compete Defendants agreed to support Plaintiff in seeking the agreement's enforcement and to pay Plaintiff $737,500. Plaintiff agreed to provide a stipulated order dismissing its claims against the Non-Compete Defendants, to be entered after the Court heard Plaintiff's motion to enforce the agreement.

Plaintiff filed the instant Motion to Enforce Settlement Agreement [103] on April 30, 2014. As they had agreed, the Non-Compete Defendants filed responses supporting Plaintiff's motion [105, 112]. Defendant AGPS also filed a response in support [106]. The Objecting Defendants filed a response opposing the motion [110], to which Plaintiff filed a reply [114]. The Court scheduled a hearing on the motion for October 17, 2014. On that date, the Court met with counsel for the parties to facilitate settlement and rescheduled the hearing for November 24, 2014. Within days, Plaintiff submitted a stipulated order dismissing its claims against the Non-Compete Defendants, which the Court entered [120] on October 28, 2014. The remaining parties' renewed settlement efforts failed. After hearing oral

4

argument on the motion on November 24, 2014, the Court took the motion under advisement.

## ANALYSIS

Plaintiff asks the Court to enter an order enforcing settlement documents prepared by Plaintiff, which mostly track the terms placed on the record at the October 2013 settlement conference before Magistrate Judge Grand. However, Plaintiff asks the Court *not* to enforce the status quo non-compete provision that was identified as one of the "overarching" terms of the settlement at the October 2013 conference, and which imposed the Non-Compete Defendants' only obligation under the contract. Plaintiff argues that this term was not material, or at least not material to the Objecting Defendants. Plaintiff notes that the Objecting Defendants did not state on the record that their agreement was conditioned upon the inclusion of the non-compete term. In fact, Plaintiff suggests that their insistence on the non-compete term would make no sense, since the only purpose of the non-compete term was to ensure *Plaintiff* received its payment.

The Objecting Defendants respond that the Court cannot order enforcement of the October 2013 settlement agreement without the status quo non-compete term because that term was identified as material on the record, and the Objecting Defendants have never agreed to waive it. Further, they maintain that their

agreement to settle the case was, in fact, contingent on the inclusion of the non-compete term. They point out that the purpose of the non-compete term, as explained in Plaintiff's own draft documents, was to prevent the Non-Compete Defendants from undermining AMW's ability to fulfill its payment obligations (which were guaranteed by the other Objecting Defendants). They suggest that Plaintiff and the Non-Compete Defendants have conspired to cause AMW to default on these obligations, noting that their separate settlement agreement grants the Non-Compete Defendants an option to purchase software rights in the event of such default.

A settlement agreement is enforceable only if the parties objectively manifest agreement to its material terms. *See Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 420 (6th Cir. 2000); *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992) (stating that validity of a settlement agreement is determined by reference to state contract law); *Kloian v. Domino's Pizza, LLC*, 273 Mich. App. 449, 453-54 (Mich. Ct. App. 2006) (acknowledging that under Michigan law, "a contract requires mutual assent or a meeting of the minds on all the essential terms," to be judged by an objective standard). Because the analysis turns on objective interpretation of the parties' actions, the parties' arguments

concerning the Objecting Defendants' subjective desire for inclusion of the non-compete term are legally irrelevant.

Plaintiff has not identified any action by the Objecting Defendants that manifested their assent to a settlement agreement without the status quo non-compete term. At the October 2013 settlement conference, Magistrate Judge Grand asked Plaintiff's counsel to put the "overarching" terms of the settlement agreement on the record. Plaintiff's counsel responded by putting the status quo non-compete term (among others) on the record. In other words, Plaintiff's counsel identified the non-compete term as a material term of the agreement under discussion. Plaintiff now faults the Objecting Defendants for not insisting, on the record, for the inclusion of the non-compete term—but they did so implicitly, by agreeing to the terms identified as material by Plaintiff's counsel. The defendants' assent to an agreement defined by those terms, without more, could not also communicate assent to an agreement *without* the non-compete term. But Plaintiff has not identified any actions following the conference that manifested such assent. The draft settlement documents exchanged by the parties included the non-compete term. And after the dispute regarding the non-compete term arose, the Objecting Defendants seem to have consistently taken the position that the term must be included.

Further, Plaintiff's motion asks the Court to sanction a contract modification made without all parties' consent. Plaintiff purports to have waived the status quo non-compete term via its separate settlement agreement with the Non-Compete Defendants. However, Plaintiff acknowledges that the non-compete term provided the Non-Compete Defendants' only obligation under the October 2013 settlement. Without the obligation imposed by that term, then, the October 2013 settlement would be unsupported by consideration with respect to the Non-Compete Defendants and therefore invalid. *See Prentis Family Found. v. Barbara Ann Karmanos Cancer Inst.*, 266 Mich. App. 39, 58 (Mich. Ct. App. 2005) (recognizing that a valid contract must be supported by consideration, defined as a bargained-for exchange). At oral argument, Plaintiff indicated that the Non-Compete Defendants supplied consideration when they agreed to pay $750,000 pursuant to the separate settlement agreement. In other words, Plaintiff suggests that the separate settlement agreement between Plaintiff and the Non-Compete Defendants changed the consideration underlying the October 2013 settlement agreement. Such a modification of the October 2013 settlement agreement could not be accomplished, however, without consent of *all* parties to the agreement. *See Quality Prods. & Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362, 364

8

(Mich. 2003) ("[M]utuality is the centerpiece to waiving or modifying a contract, just as mutuality is the centerpiece to forming any contract.").

At the hearing on this motion, Plaintiff raised an argument that does not appear in its briefs: that the disputed term placed on the record was not a status quo non-compete agreement, but merely an agreement to make best efforts to secure such an agreement. It is true that when placing the material terms of the contemplated settlement on the record, Plaintiff's counsel noted that best efforts would be made to secure agreement to the non-compete term from one or more defendants who had not yet been contacted concerning it. In context, however, the reference to "best efforts" should be read as an aside concerning the parties' communications regarding the material terms, rather than a statement of those terms' content. Indeed, the separate settlement agreement between Plaintiff and the Non-Compete Defendants, in which Plaintiff purported to waive the non-compete term, did not characterize it as a "best efforts" provision. The Court finds that a status quo non-compete term was, in fact, identified as a material term of the contemplated settlement at the October 2013 conference.

In sum, Plaintiff asks the Court to bind the Objecting Defendants to a settlement agreement to which they never objectively manifested assent. The Court cannot do so, and therefore must deny Plaintiff's motion.

## CONCLUSION

At oral argument, Plaintiff urged the Court to prevent the Objecting Defendants from protracting this litigation any further, emphasizing the years already spent on the case and the ill will that has accumulated between the parties. The Court respects these feelings and similarly regrets that the parties have not reached a speedier and more amicable resolution. However, Plaintiff also maintained at oral argument that "the terms placed on the record control" and that "the Court must enforce what was placed on the record." The Court agrees. The Court finds that the status quo non-compete term was identified as material on the record. The Court must therefore deny Plaintiff's request to bind the Objecting Defendants to an "agreement" without that material term. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Enforce Settlement Agreement [103] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: December 10, 2014            Senior United States District Judge