UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOLOGIC COMPUTER SYSTEMS, INC.,

    Plaintiff,

v.

JOHN D. MACLEAN, ET AL.,

    Defendants.

_____/

Case No. 10-13569

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [143]; GRANTING IN PART AND DENYING IN PART DEFENDANTS ALAN WILLIAMS, MARK WILLIAMS, JOHN MACLEAN, AMW GROUP, AND AMW MACHINE CONTROL'S MOTION FOR SUMMARY JUDGMENT [144]**

On July 17, 2015, Plaintiff filed a Motion for Summary Judgment [Doc. #143]. The same day, all remaining Defendants except Defendant Advanced Geo Positioning Solutions, Inc. (AGPS) filed their own Motion for Summary Judgment [144]. The parties filed their Responses [146, 148] on August 14, 2015, and their Replies [153, 154] on September 4, 2015. The Court held a hearing on the motions on September 15, 2015. For the reasons stated on the record, as

1

supplemented below, both motions are **GRANTED IN PART AND DENIED IN PART**.[1]

## I. Copyright Infringement

A plaintiff claiming copyright infringement must show (1) that it owned a valid copyright in the work and (2) that the defendant copied protectable elements of the work. *Varsity Brands, Inc. v. Star Athletica, LLC*, --- F.3d ---, 2015 WL 4934282, at *3 (6th Cir. 2015) (citing *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004)). The second prong "tests whether any copying occurred (a factual matter) and whether the portions of the work copied were entitled to copyright protection (a legal matter)." *Id.* at *4 (quoting *Lexmark*, 387 F.3d at 534). Here, Plaintiff's evidence, including Alan Williams's deposition testimony and its expert's report, establish beyond genuine dispute that copying occurred. However, the evidence does not conclusively establish that portions of the copied software code were entitled to copyright protection. Defendants, for their part, have not established that no reasonable jury

---

[1] Defendant AGPS filed nothing concerning the motions, and counsel for AGPS did not appear at the hearing. Nevertheless, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). As explained below, the Court holds that Plaintiff has failed to meet its burden as a summary judgment movant on some of its claims. The Court therefore must deny Plaintiff summary judgment against Defendant AGPS on those claims.

2

could conclude that copyright-protected code was copied. Accordingly, both motions for summary judgment are **DENIED** with respect to Plaintiff's copyright infringement claim.

## II. Breach of Contract

Defendants Alan and Mark Williams executed employment contracts with Plaintiff, promising not to use or disclose, during or after their employment, any "confidential information," defined to include software and software codes, respecting GeoLogic's activities. Nevertheless, Alan and Mark Williams have admitted using software code written by Alan Williams for GeoLogic, during his employment with GeoLogic, to create and sell competing software. Accordingly, Plaintiff's Motion for Summary Judgment [143] is **GRANTED** with respect to Plaintiff's claim that Defendants Alan and Mark Williams breached their employment contracts.

## III. Tortious Interference with Contract or Expectancy

"It is well settled that the non-moving party must cite specific portions of the record in opposition to a motion for summary judgment, and that the court is not required to search the record for some piece of evidence which might stave off summary judgment." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1191 (6th Cir. 1997) (citing *Street v. J.C. Bradford & Co.,* 886 F.2d 1472,

1479–80 (6th Cir.1989)). Plaintiff has not satisfied this burden with respect to this claim. Therefore, Defendants' Motion for Summary Judgment [144] is **GRANTED** with respect to Plaintiff's claim for tortious interference with contract or expectancy.

### IV. Misappropriation of Trade Secrets

Michigan courts use various factors to determine if information constitutes a trade secret, including the following:

> (1) extent to which information is known outside of owner's business, (2) extent to which information is known by employees and others involved in business, (3) extent of measures taken to guard secrecy of information, (4) value of information to owners and competitors, (5) amount of effort and money expended in developing information, and (6) ease or difficulty with which information could be properly acquired or duplicated by other.

*Dura Global Technologies, Inc. v. Magna Donnelly Corp.*, 662 F. Supp. 2d 855, 859 (E.D. Mich. 2009) (quoting *Wysong Corp. v. M.I. Industries,* 412 F. Supp. 2d 612, 626 (E.D. Mich. 2005)). Plaintiff has produced insufficient evidence and argument relevant to such factors to raise a genuine dispute of material fact on its claim that certain software code and a list of customers constituted trade secrets. This is especially true concerning the customer list. *See Hayes-Albion v. Kuberski*, 421 Mich. 170, 183 (1984). Accordingly, Defendants' Motion for Summary

Judgment [144] is **GRANTED** with respect to Plaintiff's misappropriation of trade secrets claim.

## V. Breach of Fiduciary Duty

As framed in the Third Amended Complaint, Plaintiff's breach of fiduciary duty claim is based solely on Defendant John MacLean's sale of AMW software to the City of Dubuque while employed by Plaintiff.[2] "Michigan courts have held that an agent of a principal owes a fiduciary obligation to the principal not to appropriate the opportunity of the principal for his own benefit." *Mike Vaughn Custom Sports, Inc. v. Piku*, 15 F. Supp. 3d 735, 752 (E.D. Mich. 2014) (quoting *United Rentals (N. Am.), Inc. v. Keizer,* 202 F. Supp. 2d 727, 743 (W.D. Mich. 2002)). Although merely planning and/or preparing to engage in competition with the principal does not breach this duty of loyalty, actually engaging in competition during the term of the agency relationship does. *Id.* Defendants have not disputed that Defendant John MacLean was an agent of GeoLogic at the time he sold AMW's software to the City of Dubuqe; nor have they disputed that the sale constituted competition with GeoLogic. Accordingly, Plaintiff's Motion for

---

[2] The Court rejects Plaintiff's attempt to read the Third Amended Complaint to include a claim for breach of fiduciary duty against Defendants Alan and Mark Williams.

Summary Judgment is **GRANTED** with respect to its claim that Defendant MacLean breached a fiduciary duty of loyalty.

### VI. Unfair Competition

As framed in the Third Amended Complaint, Plaintiff's unfair competition claim is solely based on the copying of software or software code. The claim is therefore preempted by copyright law. *See Decker Inc. v. G&N Equipment Co.*, 438 F. Supp. 2d 734 (E.D. Mich. 2006) (holding an unfair competition claim under Michigan law preempted by copyright law because it was solely based on the copying and redistribution of illustrations, text, and photographs and "the rights granted under Michigan's common law are equivalent to exclusive rights within the scope of copyright"); *cf. ATC Distribution Group, Inc. v. Whatever It Takes Transmission & Parts, Inc.*, 402 F.3d 700, 713 (6th Cir. 2005). Accordingly, Defendants' Motion for Summary Judgment [144] is **GRANTED** with respect to Plaintiff's unfair competition claim.

### VII. Conversion

As framed in the Third Amended Complaint, Plaintiff's conversion claim is based solely on the taking away of tangible media containing copies of software

6

and software code.[3] The conversion claim is therefore preempted by copyright law. *Murray Hill Publications, Inc. v. ABC Communications, Inc.*, 264 F.3d 622, 636-37 (6th Cir. 2001) (holding Michigan-law claim for conversion preempted by copyright law because allegedly converted property fell within scope of copyright subject matter); *Rossrovins & Oehmke, P.C. v. Lexis/Nexis Group*, 2007 WL 1584210, at *7-*10 (E.D. Mich. May 31, 2007) (same). Accordingly, Defendants' Motion for Summary Judgment [144] is **GRANTED** with respect to Plaintiff's conversion claim.

### VIII. Concert of Action

Defendants argue that "concert of action" is not an independent cause of action. There is support for Defendants' position. *See Kasey, Inc. v. Alpine Realty Now, Inc.*, No. 298002, 2012 WL 10998, at *5 (Mich. Ct. App. Jan. 3, 2012) (unpublished) ("Concert of action is not an independent cause of action, but rather a legal theory used to hold multiple actors liable for a result that may only have been directly caused by one of them.") (citing *Abel v. Eli Lilly & Co*, 418 Mich. 311, 338 (1984)). Plaintiff has provided no contrary authority and has failed to specify the acts and evidence that would support the claim even if the Court

---

[3] The Court rejects Plaintiff's attempt to read the Third Amended Complaint to include a conversion claim concerning other tangible property. Even if the Court accepted that reading, Defendants have persuasively argued that the expanded claim would be barred by the applicable statute of limitations.

recognized it as an independent cause of action. Accordingly, Defendants' Motion for Summary Judgment [144] is **GRANTED** with respect to Plaintiff's concert of action claim, to the extent it is asserted as an independent cause of action. The Court expresses no opinion on any attempt Plaintiff may make to advance a "concert of action" theory in support of other causes of action.

## CONCLUSION

For the reasons stated on the record, as supplemented above,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [143] is **GRANTED** with respect to (1) Plaintiff's breach of contract claim against Defendants Alan and Mark Williams and (2) Plaintiff's breach of fiduciary duty claim against Defendant John MacLean. Defendants' Motion for Summary Judgment [144] is **DENIED** with respect to these claims.

**IT IS FURTHER ORDERED** that Defendants Alan Williams, Mark Williams, John MacLean, AMW Group, and AMW Machine Control's Motion for Summary Judgment [144] is **GRANTED** with respect to (1) Plaintiff's tortious interference with contract or expectancy claim; (2) Plaintiff's misappropriation of trade secrets claim; (3) Plaintiff's unfair competition claim; (4) Plaintiff's conversion claim; and (5) Plaintiff's concert of action claim, to the extent it is asserted as an independent cause of action. These claims are **DISMISSED** against

these Defendants. Plaintiff's Motion for Summary Judgment [143] is **DENIED** with respect to these claims.

**IT IS FURTHER ORDERED** that both of the instant Motions for Summary Judgment [143, 144] are **DENIED** with respect to Plaintiff's copyright infringement claim.

**SO ORDERED**.

Dated: September 17, 2015

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge