UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOLOGIC COMPUTER SYSTEMS, INC.
a Michigan corporation,

                                               Case No. 2:10-cv-13569

        Plaintiff,                          Hon. Arthur J. Tarnow

v.                                     Magistrate Judge R. Steven Whalen

  JOHN D. MACLEAN, et al.,

        Defendants.

---

| | |
|---|---|
| Brian H. Rolfe P52680 | David Leneghan |
| Faith M. Gaudaen P59469 | 200 Treeworth Blvd., Ste 200 |
| KEMP KLEIN LAW FIRM | Broadview Heights OH  44147 |
| *Attorneys for Plaintiff* | 440-223-4260 |
| 201 W. Big Beaver Road, Ste 600 | leneghanlaw@yahoo.com |
| Troy, MI 48084 | *Attorney for Defendant AGPS, only* |
| 248-528-1111 | |
| brian.rolfe@kkue.com | Thomas P. Heed P66991 |
| | 39555 Orchard Hill Place, Ste 600 |
| | Novi MI 48375 |
| Product Support International | 248-465-8655 |
| c/o John D. MacLean | theed@heedlawgroup.com |
| 7365 Cherry Brook Dr. | <u>*Co-Counsel*</u> *for Defendants John D.* |
| Reynoldsburg OH 43068 | *MacLean, AMW Machine Control, Inc.,* |
| | *AMW Group, LLC, Mark Williams and* |
| | *Alan Williams* |

---

**PLAINTIFF GEOLOGIC COMPUTER SYSTEMS, INC.'S REPLY
BRIEF IN SUPPORT OF ITS MOTION FOR ORDER
OF CONTEMPT FOR VIOLATION OF
<u>INJUNCTION AND ORDER ENFORCING SETTLEMENT AGREEMENT</u>**

# TABLE OF CONTENTS

**STATEMENT OF QUESTION PRESENTED**.............................................................. **ii**

**PLAINTIFF GEOLOGIC COMPUTER SYSTEMS, INC.'S REPLY BRIEF**......**1**

    I.   *Introduction*..................................................................................................1

    II.  *Breach of Settlement Agreement* ...................................................................1

    III. *Violation of Injunction* ............................................................................4

**CERTIFICATE OF SERVICE** ..................................................................................**8**

## <u>STATEMENT OF QUESTION PRESENTED</u>

Should the Court order the Defendants Alan Williams, Mark Williams and their Company AMW Machine Control, Inc. in contempt of court for violating this Court's injunction which prevents Defendants' sale of Plaintiff's software?

Plaintiff answers "Yes."

Defendants answer "No."

Should this Honorable Court compel Defendants Alan Williams, Mark Williams, AMW Machine Control, Inc. and AMW Group, LLC to turn over all copies of their software in order to enforce the settlement agreement entered between the parties?

Plaintiff answers "Yes."

Defendants answer "No."

<u>**PLAINTIFF GEOLOGIC COMPUTER SYSTEMS, INC.'S REPLY BRIEF**</u>

NOW COMES Plaintiff Geologic Computer Systems, Inc., by and through its attorneys, KEMP KLEIN LAW FIRM, and for its Reply Brief in Support of its Motion for Entry of an Order of Contempt for Violation of an Injunction and Entry of an Order Enforcing Settlement Agreement states as follows:

## I. <u>INTRODUCTION</u>

Despite Defendants' convoluted Response, the issues before the Court are straightforward. The parties reached an agreement and Defendants have failed to live up to that agreement. Further, an injunction has been entered and Defendants have violated that injunction. In fact, Defendants admit to violating the injunction, but seem to think just because they accepted no compensation for those violations, the violations do not matter. That is not true.

## II. <u>BREACH OF SETTLEMENT AGREEMENT</u>

Defendants admit that they failed to comply with the Settlement Agreement. Defendants did not make the first payment required in the time frame required by the Settlement Agreement. That was a breach of the Settlement Agreement permitting GeoLogic to foreclose on the "AMW Software", not just the "Disputed Code" as defined by Defendants, which was the code that the parties had fought over in the more than 6 years of litigation. The Disputed Code ceased to define the full scope of GeoLogic's rights once the parties entered into the Settlement Agreement.

1

Pursuant to the Settlement Agreement, Defendants agreed to give GeoLogic a security interest in:

> "the software presently known as 'AMW Works,' whether in source code, object code, executable code, executable format, or otherwise, and any and all modules, improvements, revisions, upgrades, enhancements, and modifications thereto, including all future revisions, upgrades, enhancements and modifications (collectively referred to as 'Software')."

(**Exhibit 4**, ¶¶ 3 and 8, pp. 3-4).  Defendants' arguments seem to imply that they were only required to produce the Dispute Code, and not the full AMW Works software as defined by and agreed to in the Settlement Agreement.  There is no allegation by the Defendants that they escrowed "complete compilable copies of the up-to-date versions of the source code underlying the Software" as required by the Escrow Agreement.  (**Exhibit 4** to Plaintiff's Motion and Brief for Order of Contempt, Exhibit E, pp. 1-2, ¶1).  Instead, Defendants make excuses for not producing the complete compilable code, none of which are legitimate.

First, Defendants claim the code is obsolete.  Yet, if it is obsolete, why are Defendants fighting and playing games do to anything to not produce the full of AMW Works, as they are required to?

Then Defendants claim that the parts they stripped from the code are not part of AMW Works.  This claim is patently false.  It is undisputed that every copy of AMW Works that was sold by Defendants contained the portions of code that has

been stripped from AMW Works when Defendants placed it in escrow.  Defendants

do not, and cannot, deny that fact.

Defendants then want to change the Settlement Agreement terms.  The

Settlement Agreement is very clear.  Plaintiff now owns:

> All right title and interest in and to the computer software presently
> known as "AMW Works," whether in source code, object code,
> executable format, or otherwise, ***and any and all modules,***
> ***improvements, revisions, upgrades, enhancements, and modifications***
> ***thereto, including all future revisions, upgrades, enhancements and***
> ***modifications*** (collectively referred to as "Software").

That definition does not say it only covers "required part of the software."

(Defendants' brief, p. 19).  Defendants do not get to decide what parts they think are

required.  Further, if the parts of the code Defendants have stripped from the

escrowed version were not part of AMW Works, why did Defendants include it in

every sale of AMW Works?  If Defendants did not want to grant a security interest

in certain parts, they could have negotiated that, but they did not.  Instead, it is

Defendants who want a do over.

Defendants' arguments about not including the compilers as part of the code

are a further attempt to rewrite the Settlement Agreement.  Defendants ignore the

fact that the Escrow Agreement requires "complete compilable" Software.  Without

compilers, the Software is not compilable.  Simple as that.

Finally, Defendants' allegations that GeoLogic is prevented from enforcing

the Settlement Agreement, as it is now selling code, completely miss the point.

3

GeoLogic is the owner of all of AMW Works and Defendants are required to produce all of it.  Further, GeoLogic, as any party to a contract would be, is required to mitigate its damages.  So the fact that GeoLogic has, at great cost and effort, been able to work around Defendants' breach does not undo Defendants' breach. GeoLogic is still working on the software produced by Defendants.  Defendants are still liable for the lost sales of GeoLogic and the expenses incurred as a result of Defendants' breaches.  If GeoLogic had not made the great effort it had, Defendants would certainly be complaining to this Court that GeoLogic had not mitigated.

Simply put, Defendants' have decided to ignore the Settlement Agreement and produce only what code they think they can get away with.  That is despite the fact that the Defendants say the code has no value.  Defendants, by the Settlement Agreement gave GeoLogic all interest in all of the code sold as AMW Works.  As a result, GeoLogic should have been able to take the code from escrow and begin selling it immediately.  Defendants have breached the Settlement Agreement by not producing complete compilable Software.

### III.    <u>VIOLATION OF INJUNCTION</u>

Unfortunately, Defendants have failed and refused to comply with the reinstated Injunction.  They continue to support and license the Software, which the Injunction specifically prohibits.   The Injunction specifically prevented the Williamses and Defendant AMW from "from using, selling, editing, licensing,

servicing, trading or otherwise using in their trade or business, Plaintiff's Code."
[Doc #191, p. 3].

Nowhere in the Injunction does it permit Defendants to continue to use the code if they don't make any money from their action.  Yet Defendants seek to explain away their actions with the statement that they did not make money from the two incidents that GeoLogic had learned about.  That does not mean Defendants did not violate the Injunction.

Further, GeoLogic has, since filing its Motion, learned of five additional licenses that were issued by Defendants.  (**Exhibit 11**, Affidavit of Nate Cook). Defendants are clearly continuing to operate as if it is business as usual despite the fact that the Injunction is in place.

Defendants' arguments that the reactivation of licenses is not a violation because AMW does not interact with the AMW software is outrageous.  Defendants, by reactivating a license to AMW Works, must have done something to the AMW Works software on the customer's computer, or it would continue to not work.  Just because an employee of AMW is not actually making the software work, and instead it is the AMW website that does it, does not change the fact that AMW is reactivating the software, constituting a clear violation of the Injunction.  Further, Defendants have, in fact, offered to reactivate licenses personally.  (**Exhibit 12**, Email from William Homrich).

Defendants clearly recognize that they have in fact violated the Injunction, because counsel for Defendants states that after the motion was filed it turned off the system for reactivations. Defendants' claim that this interferes with their customers' perpetual licenses is completely meaningless to this Court's determination. Defendants' actions violated the Injunction. Further, Defendants did not give perpetual licenses. (**Exhibit 11**). In fact, there is no perpetual license included by Defendants in their response, for the simple reason that Defendants do not have such agreements. Id. Further, the fact that Defendants chose not to extend those licenses while they still had rights to the software is a problem of Defendants' creation, not GeoLogic's. Defendants do not own the Software and have no rights to it.

Also curiously missing from Defendants' response is any statement that no other transactions have occurred since the Injunction was reinstated on March 1, 2018. Defendants mention they did not receive any payment for the limited transactions that GeoLogic was able to discover, but they do not state that they have not received payment for any other transactions. Defendants' website makes it clear that Defendants are continuing to try to sell the Software, despite the Injunction. (**Exhibit 9**). Defendants clearly want to continue to play games and hope GeoLogic and this Court do not learn of the full extent of their violations.

Further, Defendants do not even address the fact the Injunction requires the Defendants to produce to GeoLogic exactly what code they are selling, so that

GeoLogic may determine if it still contains GeoLogic's code.  Defendants have not produced the required code to GeoLogic.

As Defendants have continued to play games, ignoring the injunction in place and blatantly breaching the Settlement Agreement, GeoLogic is yet again forced to seek relief from this Court.  Contempt is particularly appropriate in this matter due to Defendants' egregious behaviors, not only in stealing GeoLogic's code, but in their defense to this matter.  Their behavior now in supporting and licensing software in direct opposition to this Court's order and in providing only part of code to the escrow agent make it clear that, unless they are stopped, Defendants will do whatever they can to continue to illegally make use of GeoLogic's code.

Respectfully submitted,

KEMP KLEIN LAW FIRM
Attorneys for Plaintiff

/s/ Brian H. Rolfe P52480
Brian H. Rolfe (P52680)
Faith M. Gaudaen (P59469)
201 W. Big Beaver Road, Suite 600
Troy, MI  48084
Dated: May 29, 2018                 248-528-1111

908951

## <u>Certificate of Service</u>

I hereby certify that on May 29, 2018, I electronically filed the Plaintiff's Reply Brief in Support of its Motion for an Order of Contempt for Violation of Injunction and Order Enforcing Settlement Agreement with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record

/s/  Brian H. Rolfe
(248) 528-1111
brian.rolfe@kkue.com

# EXHIBIT 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOLOGIC COMPUTER SYSTEMS, INC.
a Michigan corporation,

      Plaintiff,

v.

JOHN D. MACLEAN, et al.,

      Defendants.

Case No. 2:10-cv-13569
Hon. Arthur J. Tarnow
Magistrate Judge R. Steven Whalen

---

Brian H. Rolfe P52680
Faith M. Gaudaen P59469
KEMP KLEIN LAW FIRM
*Attorneys for Plaintiff*
201 W. Big Beaver Road, Ste 600
Troy, MI 48084
248-528-1111
brian.rolfe@kkue.com

Thomas P. Heed P66991
39555 Orchard Hill Place, Ste 600
Novi MI 48375
248-465-8655
theed@heedlawgroup.com
*Co-Counsel for Defendants John D. MacLean, AMW Machine Control, Inc., AMW Group, LLC, Mark Williams and Alan Williams*

David Leneghan
200 Treeworth Blvd., Ste 200
Broadview Heights OH 44147
440-223-4260
leneghanlaw@yahoo.com
*Attorney for Defendant AGPS, only*

Russell D. Brown P60583
543 Marlpool Drive
Saline MI 48176
734-604-1522
rdbrown@rdbrownlaw.com
*For Defendants John D. MacLean, AMW Machine Control, Inc., AMW Group, LLC, Mark Williams and Alan Williams*

---

### AFFIDAVIT OF NATHAN COOK IN SUPPORT OF PLAINTIFF'S MOTION

Nathan Cook, being duly sworn deposes and states as follows:

1.    I am co-owner of Cook's AGPS, LLC, and I have personal knowledge of the facts and circumstances alleged herein and if sworn as a witness can testify competently thereto.

2.    I was authorized by an employee of AMW to log into their license server for the

purpose of activating software.

3.     As a representative of an AMW dealer, I had regular access to the AMW online license server.

4.     The online license server is the means by which dealers were able to license and activate the software sold by AMW.

5.     After logging in to the AMW license server, a dealer would be able to download AMW-Works software, transfer an activation or renew an activation, allowing use of the software.

6.     As part of my regular work, I both activated and re-activated licenses/authorizations for our customers.

7.     Between March 1, 2018, and approximately April 9, 2018, I utilized the AMW license server to renew or transfer licenses from a working or nonworking computer for AMW-Works licensees in approximately six cases.

8.     On or around March 27, 2018, I assisted Chris Markwardt of Rust Sales to re-authorize a computer to run the Topo module using the AMW license server.

9.     It was regular practice to issue run limited activations that needed to be renewed at no cost.

10.    The license server was referred to online as the "Dealer Activation Tools". It was referred to informally by AMW personnel as the "License Server" and the "Activation Server", but I had never heard the terms CRM or "Customer Relationship Management" used to refer to that server from anyone at AMW.

Nathan Cook

Subscribed and sworn to before me
this _29th_ day of May, 2018

_____
                        Notary Public
_Clinton_ County, Michigan
My Commission Expires: _____

RHONDA JAKUS
Notary Public - Michigan
Clinton County
My Commission Expires Jan 26, 2021
Acting in the County of _Clinton_

3

# EXHIBIT 12

Send     Attach    Protect    Discard

**From:** John Wagner [mailto:wagnerjohn86@gmail.com]
**Sent:** Tuesday, May 29, 2018 1:00 PM
**To:** Chuck Julian; Ben Julian
**Subject:** Fwd: Invoice 19834 from AgRePlan, LLC

Here is the email exchange from Bill on May 4...  Confirming that he will activate the Ditch programs they owe us as part of our settlement with them.

---------- Forwarded message ----------
From: **Leslie Sine** <lesliesine11@gmail.com>
Date: Fri, May 4, 2018 at 10:37 AM
Subject: Fwd: Invoice 19834 from AgRePlan, LLC
To: John Wagner <wagnerjohn86@gmail.com>, James Patterson <agreplan1@gmail.com>

Sent from my iPhone

Begin forwarded message:

> **From:** Bill Homrich <bill@amwgps.com>

Send     **Discard**

Leslie,

I am assuming that the nine Ditch programs are related to Hurricane Ditchers; they pre-purchased a total of 10 programs, one of which was delivered. AgRePlan has already received compensation for this deal and is responsible to load the programs on their computers; AMW will activate their computers upon their request to fulfill our commitment.  Do you want us to contact Hurricane Ditchers and instruct them to work directly with us when they are ready to activate their programs?  Activation is just a function.

As for the other Ditch I and Dirt II programs you have listed, I need more information to authenticate what you are claiming.  As with Hurricane Ditchers, AMW will activate their computers upon their request to fulfill our commitment.

On Fri, May 4, 2018 at 9:39 AM, AgRePlan, LLC <quickbooks@notification.intuit.com> wrote:

AgRePlan, LLC

Dear AMW Machine Control Inc.,

Here's your invoice! We appreciate your prompt payment.

Thanks for your business!
AgRePlan, LLC

INVOICE 19834 DETAILS

**DUE 05/04/2018**

# $35,005.00

**Print or save**

Powered by QuickBooks

**Bill to**     AMW Machine Control Inc.
PO Box 125
<u>7365 Cherry Brook Drive</u>
<u>Reynoldsburg, OH 43068</u>

**Ship to**     AMW Machine Control Inc.
AMW
12444 Kenlilworth Drive
Sterling Heights, MI 48313

**Terms**     Due on receipt

**FS135**                          $29,025.00

Ditch

9 X $3,225.00

**AS325**                          $3,400.00

Dirt II

1 X $3,400.00

**AS335**                                    $2,580.00

Ditch I

1 X $2,580.00

Due to the fact that we no longer have access to AMW
Online Services these are the copies of software that you
agreed to as part of our settlement and are now payable to
us. Payment is due immediately. If payment is not received
within 10 days this account will go to collection.

Balance due        $35,005.00

**Print or save**

AgRePlan, LLC

PO Box 221 NEW CARLISLE, OH 45344 US

937-845-9092        leslies@agreplan.com        www.agreplan.com

© Intuit, Inc. All rights reserved.    Privacy | Security | Terms of Service

--
Thanks,
William (Bill) Homrich
AMW Machine Control, Inc.
(616) 560-9214 - cell

Please use bill@amwgps.com from this point forward.

CONFIDENTIALITY NOTICE: This e-mail transmission may contain confidential information. This information is solely for the use of the individual(s) or entity to whom or which it was intended. If not an intended recipient, any review, copying, printing, disclosure, distribution or any other use is strictly prohibited. If you have received this email in error, please immediately notify the sender by reply e-mail. Please delete this e-mail from your files if you are not the intended recipient.

--
This message and attachment (s) may contain confidential and/or privileged information. Access, disclosure, copying, distribution or reliance on any content of this message by anyone other than the addressee is prohibited. If received in error, please advise the sender immediately by reply email and delete this message.