IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------x
**GEOLOGIC COMPUTER SYSTEMS, INC.**

    Plaintiff,

v.

**MACLEAN, ET. AL.**

    Defendants.

---------------------------------X

Civil Action No. 2:10-cv-13569
Hon. Judge Arthur J. Tarnow
Magistrate Judge R. Steven Whalen

### DEFENDANTS' EX PARTE MOTION FOR LEAVE TO FILE A SURREPLY

NOW COME DEFENDANTS AMW MACHINE CONTROL INC., AMW GROUP LLC, MARK WILLIAMS, AND ALAN WILLIAMS ("Defendants"), by and through their undersigned attorney, Thomas P. Heed, and hereby submit the following Ex Parte Motion Requesting Leave to File a Surreply and Objection to Plaintiff's Reply in Support of Plaintiff's Motion for Contempt ("Motion for Surreply"), and state as follows:

    1.    Plaintiffs filed Plaintiff's Reply in Support of Plaintiff's Motion for Contempt ("Reply") on May 29th, 2018.

2. In Plaintiffs initial Brief [Dkt. 196] contained 10 exhibits, including declarations from John Wagner, a business partner of Plaintiff GeoLogic, and Charles Julian, an owner of Plaintiff GeoLogic.

3. In the Reply, Plaintiffs submit additional evidence that Defendants were not able to review or comment on in their Response Brief in Opposition to Plaintiff's Motion for Contempt ("Response"), a declaration of Nathan Cook (Exh. 11), and an unattributed and unverified e-mail (Exh. 12).

4. While there is no local rule that allow the filing of a surreply, a Court should allow a surreply, "where new submissions and/or arguments are included in the reply brief." *Wilcoxson v. Brothers*, 2016 WL 4119802, (E.D.Mich. 2016) (citing Seay v. TVA 339 F.3d 454, 481 (6th Cir. 2003).

5. Defendants would like to file a combined surreply and objection ("Surreply") to Plaintiff's Reply in its Motion for Contempt.

6. Defendants will limit the Surreply to three (3) pages, plus a single exhibit.

7. With leave of this Court, Defendants shall file the Surreply no later than two (2) days after leave is granted, excluding week-ends and court holidays.

8. On May 29, 2018, the day that the Reply was filed, Defendants sought concurrence in this Motion for Surreply from counsel for the Plaintiffs via email.

On May 30, 2018, counsel for Plaintiffs replied via e-mail, stating its unequivocal opposition to Defendants' Surreply.

Dated: June 1, 2018                      Respectfully Submitted,

HEED LAW GROUP PLLC

/s/ Thomas P Heed
Thomas P. Heed
39555 Orchard Hill Place, Suite 600
Novi, MI 48375
(248) 465-8655
theed@heedlawgroup.com

**Attorney for Defendants**
    **AMW MACHINE CONTROL INC.**
    **AMW GROUP LLC**
    **MARK WILLIAMS**
    **ALAN WILLIAMS**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

------------------------------------x

**GEOLOGIC COMPUTER SYSTEMS, INC.**

    Plaintiff,

v.

**MACLEAN, ET. AL.**

    Defendants.

------------------------------------X

Civil Action No. 2:10-cv-13569
Hon. Judge Arthur J. Tarnow
Magistrate Judge R. Steven Whalen

## DEFENDANTS' BRIEF IN SUPPORT OF
## MOTION FOR LEAVE TO FILE A SURREPLY

STATEMENT OF QUESTION PRESENTED

Should the Court GRANT Defendants leave to file a surreply due to Plaintiffs' Reply brief presenting new factual matters?

Defendants' Answer:  YES

Plainitffs' Answer: NO

## BRIEF IN SUPPORT OF DEFENDANTS' EXPARTE MOTION REQUESTING LEAVE TO FILE SURREPLY

"As a general rule, a 'non-moving party ordinarily has no right to respond to the reply brief." *Scottsdale Inc. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). However, a surreply is often permitted where new submissions and/or arguments are included in the reply brief. *Seay v. TVA*, 339 F.3d 454, 481(6th Cir. 2003) (allowing a surreply in a Motion for Summary Judgment under Fed.R.Civ.P. 56(c)).

In the matter at hand, the Plaintiffs introduced a new declaration and a new, unverified e-mail in its Reply in Support of Plaintiff's Motion for Contempt ("Reply"). The Plaintiff's original brief contained a total of 10 exhibits, so the Plaintiff clearly had ample opportunity to present the Court a fulsome factual record. The Plaintiff's Reply introduced new factual matter to the Plaintiff's Motion for Contempt ("Contempt Motion") to wit, exhibits 11 and 12.

The Defendants would like a short surreply and objection ("Surreply") to address the Plaintiff's newly introduced exhibits. The purpose of granting Defendants' Surreply is to prevent them from being blind-sided by Plaintiff's newly introduced factual material. The 6th Circuit stated, in *Seay v. TVA*, that, "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated, a problem

arises….." 339 F.3d, at 481.  In a situation such as that faced by the Court, leave to file a surreply should be granted in order to prevent a problem from arising.

Wherefore, the Defendants pray that that Court grant their Motion to File a Surreply in the above captioned matter so they have an opportunity to address the new factual matter raised by the Plaintiffs.  The Defendants respectfully request that the Court grant a three (3) page Surreply plus one (1) exhibit.  The Defendants respectfully requests that the Court allow Defendants two (2) days to submit the Surreply, excluding week-ends and court holidays, after leave has been granted.

Dated: June 1, 2018                               Respectfully Submitted,


                                                              HEED LAW GROUP PLLC


                                                              /s/ Thomas P Heed
                                                              Thomas P. Heed
                                                              39555 Orchard Hill Place, Suite 600
                                                              Novi, MI 48375
                                                              (248) 465-8655
                                                              theed@heedlawgroup.com


                                                              **Attorney for Defendants**
                                                                    **AMW MACHINE CONTROL INC.**
                                                                    **AMW GROUP LLC**
                                                                    **MARK WILLIAMS**
                                                                    **ALAN WILLIAMS**